## DAYTON v. DRAKE.

1. **Divorce:** BOND FOR TEMPORARY ALIMONY: ACTION ON: DEFENSE: APPROPRIATION OF HOUSEHOLD GOODS BY PLAINTIFF. Where a wife sued for a divorce, and, pending the suit, the husband gave a bond, with defendant herein as surety, for the payment of temporary alimony, *held* that, in an action on this bond by the wife against the surety, he could not defeat a recovery by the fact that the wife had appropriated to her use certain household goods and other property of her husband, of greater value than the amount due on the bond. In the absence of a contrary showing, the wife is presumed to have a right to use the household goods and other property of the husband.

*Appeal from Des Moines Circuit Court.*

FRIDAY, OCTOBER 24.

ACTION upon a bond to secure the payment of money provided for by a stipulation filed in a cause pending in court. A demurrer to defendant's answer was sustained, and, refusing to further plead, judgment was rendered against him, from which he appeals.

*P. Henry Smythe & Son*, for appellant.

No appearance for appellee.

BECK, J.—I. The petition shows that in an action still pending between plaintiff in this suit and George E. Dayton, presumed to be for a divorce, though that fact is not stated in the pleadings, a stipulation between the parties was filed, wherein the defendant, George E. Dayton, became bound to pay plaintiff a certain sum in each month during the pen-

dency of the action as alimony, *pendente lite*, which should be "in lieu of all temporary alimony ordered to be paid by the court." Other provisions of the stipulation need not be recited. George E. Dayton, as principal, and Lyman H. Drake, as surety, executed a bond conditioned for the payment of the sums provided for by the stipulation. It is alleged in the petition that payments due under the stipulation remain unpaid, and, to recover the same, this action is brought upon the bond.

Drake answered the petition, alleging "that the defendant took and converted to her own use certain household goods, and other property, of the said George E. Dayton," of greater value than the amount alleged to be due on the bond.

There is no direct allegation of the pleadings that George E. Dayton and plaintiff, are husband and wife, though we think it fairly inferable therefrom. The bond which is set out in the petition shows by its recitations that the marriage relation exists between them, and it is not denied in the answer. The demurrer to the petition is based upon the ground, among others, that the facts alleged do not constitute a defense to the action.

II. The answer shows that the property appropriated by plaintiff was largely household goods, and does not allege that it was or could be used for her support. Neither does it allege or show that plaintiff took and converted it to her own use without right or authority, or that she claims the ownership thereof.

The answer does not deny by proper allegation the right of the wife to use the household goods and other property of the husband. Such a right certainly exists, and the mere fact that an action for a divorce is pending does not defeat her of that right.

III. It surely cannot be that, when a wife is allowed temporary alimony for her support, pending an action for divorce, the husband may claim a credit therefor on account of property appropriated to her use by the wife. If

the law will not secure to the wife the use of the property by reason of the marriage relation, the husband may recover possession thereof, but he may not refuse to render her the support required by the law on the ground of her use or appropriation of the property.

IV. Alimony is intended for the support of the wife, and temporary alimony is for such support pending an action for divorce. Code, § 2226. The very object of the law, in providing for the support of the wife *pendente lite*, would be defeated, if the husband should be permitted to set off against the support allowed the value of household goods and other property appropriated or used by the wife.

We reach the conclusion that the circuit court rightly sustained the demurrer.

AFFIRMED.